IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**APRIL KISER**                                                                          **PLAINTIFF**

vs.                                   No. 4:22-cv-12185-FKB-APP

**J AND R TRANSPORTATION, INC.**                                      **DEFENDANT**

### PLAINTIFF'S MOTION IN LIMINE
### AND INCORPORATED BRIEF IN SUPPORT

Plaintiff April Kiser, by and through her attorneys of Sanford Law Firm, PLLC, before any proceedings have been had in the presence of the jury, before the voir dire examination of the jury panel, and before the introduction of any evidence, and files this Motion in Limine. Plaintiff moves the Court to instruct counsel for Defendant not to mention within the hearing of any member of the jury panel, either in voir dire examination, or upon statement of the case, or by the interrogation of the witnesses, or in argument, or by objections in the presence of the jury, or otherwise, any of the following matters, either directly or indirectly, not to refer to, nor interrogate concerning, nor otherwise apprise the jury of any of the following matters until such matter has been called to the Court's attention out of the presence and hearing of the jury and a ruling has been made by the Court as to the competency of each such matter outside of the presence and hearing of any member of the jury or jury panel. It is further moved that counsel for Defendant be instructed to apprise each of its witnesses of the contents of the ruling by

Page 1 of 10
April Kiser v. J and R Transportation, Inc.
U.S.D.C. (E.D. Mich.) No. 4:22-cv-12185-FKB-APP
Plaintiff's Motion in Limine
and Incorporated Brief in Support

the Court on this motion to the end that such motion not be inadvertently or otherwise violated by a witness.

1.　　In this Motion and the Brief in Support, "evidence," means evidence, testimony, innuendos, assertions, allusions, questions concerning, or anything else having a purpose of eliciting a response regarding or drawing attention to the subjects requested by this Motion to be excluded, presented within the hearing of any member of the jury panel, either in voir dire examination, or upon statement of the case, or by the interrogation of the witnesses, or in argument, or by objections in the presence of the jury, either directly or indirectly, or otherwise made known to the jury.

2.　　The matters subject to this Motion in Limine are as follows:

A. Suggestions or allegations that Plaintiff had a duty to record the hours she worked;

B. Suggestions or allegations that Plaintiff had a duty to complain about her pay;

C. Evidence of events that occurred outside the relevant statutory period;

D. Evidence related to Plaintiff's attorneys' fees and costs;

E. Evidence regarding offers of settlement or settlement negotiations;

F. Evidence that Plaintiff's work performance was poor or unsatisfactory, except as it relates to Plaintiff's hours of work;

G. References to or suggestions that Plaintiff did not call particular witnesses;

H. Evidence of Plaintiff's criminal record, if any;

I. Evidence related to the fairness or subjective adequacy of Plaintiff's pay; and

**Page 2 of 10**
**April Kiser v. J and R Transportation, Inc.**
**U.S.D.C. (E.D. Mich.) No. 4:22-cv-12185-FKB-APP**
**Plaintiff's Motion in Limine**
**and Incorporated Brief in Support**

J.   Any details about the attorneys, whether related to this case or not, including news articles and/or reports, social media postings, and other lawsuits filed by counsel for Plaintiff.

3.   Plaintiff submits with this Motion a Brief in Support, which is fully incorporated in this Motion by reference.

WHEREFORE, Plaintiff respectfully asks the Court to exclude and/or limit the topics and testimony described above, and for all other relief to which she may be entitled.

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

### I. INTRODUCTION

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Michigan Workforce Opportunity Wage Act, MCL § 408.931, *et seq.* ("WOWA"), to recover unpaid wages. The primary issues before the Court are (1) whether Defendant failed to record and compensate all of Plaintiff's hours of work as required by the FLSA and WOWA; (2) whether any underpayment of wages was done in subjective good faith and was objectionably reasonable; and (3) the amount of damages owed to Plaintiff.

### II. ARGUMENT

**A. This Court Should Exclude Allegations That Plaintiff Had a Duty to Record the Hours She Worked.**

Questions or comments that imply Plaintiff should have kept a log, punched a time clock, or otherwise recorded her actual hours worked should be excluded. The FLSA requires that <u>employers</u> "make, keep and preserve such records of the persons employed by him and of wages, hours, and other conditions and practices of employment

**Page 3 of 10**
**April Kiser v. J and R Transportation, Inc.**
**U.S.D.C. (E.D. Mich.) No. 4:22-cv-12185-FKB-APP**
**Plaintiff's Motion in Limine**
**and Incorporated Brief in Support**

maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator [of the Department of Labor's Wage and Hour Division] as he shall prescribe by regulation or order . . . " 29 U.S.C. § 211(c). Where an employer has not kept adequate records of wages and hours, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Hobbs v. Evo Inc.,* 7 F.4th 241, 257 (5th Cir. 2021), *quoting U.S. Dep't of Lab. v. Five Star Automatic Fire Prot., L.L.C.,* 987 F.3d 436, 441 (5th Cir. 2021) ("an employer shouldn't benefit from its failure to keep required payroll records, thereby making the best evidence of damages unavailable.") Instead, the employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). A Plaintiff bears the burden of proving the extent of any uncompensated work but may satisfy that burden by "just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946).

There is no requirement under the FLSA that Plaintiff must keep any—much less accurate—records. All questions, evidence or references concerning why Plaintiff did not accurately record the hours she worked are not relevant to the issues of this case and are highly prejudicial to Plaintiff. This line of questioning would be improper in this matter because it would likely confuse the jury as to which party has a record-keeping obligation under the law.

Questions regarding whether Plaintiff kept accurate records of the hours she worked will only waste the time of the jury and Court, as the evidence is not relevant to

Page 4 of 10
April Kiser v. J and R Transportation, Inc.
U.S.D.C. (E.D. Mich.) No. 4:22-cv-12185-FKB-APP
Plaintiff's Motion in Limine
and Incorporated Brief in Support

the issues of the present case. Fed. R. Evid. 402. Even if it had any relevance whatsoever, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. Fed. R. Evid. 403.

**B. This Court Should Exclude Allegations That Plaintiff Had a Duty to Complain About Her Pay.**

As with inappropriate questions or comments that would imply Plaintiff should have recorded her hours, this Court should exclude any suggestion that Plaintiff was required to complain about her pay to be subject to the protections of the FLSA. As noted above, this kind of evidence is not relevant to the issues before this Court because Defendant had a statutory duty to record and compensate all of Plaintiff's work time. *See* Fed. R. Evid. 402. Even if it had any relevance whatsoever, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. *See* Fed. R. Evid. 403.

**C. This Court Should Exclude Protracted Discussions and Evidence of Events That Occurred Outside the Statutory Period.**

This Court should exclude any reference to, evidence of, or testimony regarding Plaintiff's current employment, employment prior to her work for Defendants, or other matters that occurred outside the statutory period. Though Plaintiff will not object to basic information, such as Plaintiff's hire date, protracted discussion of events that occurred outside the statutory period will merely waste time and confuse the jury, and the discussion of such events may lead to prejudicial information being shared that is not related to the claims or defenses.

**D. References to Attorneys' Fees and Costs are Irrelevant and Unfairly Prejudicial.**

Page 5 of 10
April Kiser v. J and R Transportation, Inc.
U.S.D.C. (E.D. Mich.) No. 4:22-cv-12185-FKB-APP
Plaintiff's Motion in Limine
and Incorporated Brief in Support

An award of attorneys' fees and costs to the plaintiff is "mandatory" in FLSA cases, but only if the plaintiff prevails. 29 U.S.C. § 216(b) ("The Court shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorneys' fees to be paid by the Defendant and costs of the action"). The amount of the attorneys' fee is within the discretion of the court. *See Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014). Since the awarding of attorneys' fees and costs will not be a job for the jury, any reference at all to such issues would only confuse the jury or unfairly prejudice Plaintiff. Much like argument and evidence regarding the presence of insurance is disallowed in jury trials because it is highly prejudicial and not probative, any reference to the possible award or payment of attorneys' fees and costs should be similarly disallowed as unduly prejudicial while having no probative value.

### E.  All References to Offers of Settlement are Inadmissible.

Plaintiff moves to exclude any argument or evidence regarding settlement offers and statements made during settlement discussions, or evidence related to either party's failure to participate in settlement discussions. Such offers and statements are inadmissible under Fed. R. Civ. P. 68 and Fed. R. Evid. 408. Because parties would be reluctant to enter into settlement discussions if their negotiation positions could influence the finder of fact, these offers, conduct, and statements made in connection with settlement negotiations are inadmissible. Fed. R. Evid. 408. Furthermore, any evidence of settlement offers and communications would be irrelevant, confusing, and misleading to the jury, and potentially prejudicial to Plaintiff. *See* Fed. R. Evid. 401, 402, 403.

**Page 6 of 10**
**April Kiser v. J and R Transportation, Inc.**
**U.S.D.C. (E.D. Mich.) No. 4:22-cv-12185-FKB-APP**
**Plaintiff's Motion in Limine**
**and Incorporated Brief in Support**

**F. Suggestions or Allegations That Plaintiff's Work Performance was Poor or Unsatisfactory Would be Irrelevant and Unfairly Prejudicial.**

Plaintiff anticipates that Defendant may attempt to paint Plaintiff as lazy, dishonest, or otherwise bad at her job. These allegations are baseless. Regardless of their inaccuracy, these types of statements are unacceptable and highly and irreversibly prejudicial to Plaintiff and should not be allowed at trial. Fed. R. Evid. 403. It is also irrelevant to the issues of this case whether Plaintiff was a "good" or "bad" employee during her employment with Defendant. Fed. R. Evid. 402. The only issues that are relevant are those that bear on the hours worked by Plaintiff. It is immaterial if Plaintiff was disappointing, underperforming, etc., except to the extent that Defendant alleges it was dissatisfied with the number of hours Plaintiff worked. Discussion of those themes will only serve to unavoidably cause the jury to dislike Plaintiff and will not lead to a fair result. The only relevant issue is whether Plaintiff performed overtime work for which she was not paid.

**G. Suggestions or Allegations That Plaintiff Did Not Call Certain Witnesses to Testify for Any Reason Would be Misleading and Unfairly Prejudicial.**

Plaintiff also asks that Defendant's counsel be instructed not to attempt to suggest or infer that some witness or person was not called by Plaintiff to testify and/or to speculate as to why a witness or person was not called to testify. To allow such commentary is irrelevant, unduly prejudicial, and must be excluded. Fed. R. Evid. 401, 402, 403. If it has any relevance, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

**H. This Court Should Exclude All References to Plaintiff's Criminal Record, if any.**

Page 7 of 10
April Kiser v. J and R Transportation, Inc.
U.S.D.C. (E.D. Mich.) No. 4:22-cv-12185-FKB-APP
Plaintiff's Motion in Limine
and Incorporated Brief in Support

Though Plaintiff is confident that she does not have any criminal records, should they exist, they are irrelevant to the issues in this case. Federal Rule of Evidence 609 governs the admissibility of prior convictions for impeachment purposes. The Rule provides that evidence of a prior conviction is admissible if the crime was punishable by death or imprisonment in excess of one year and the probative value of the evidence outweighs its prejudicial effect. Fed. R. Evid. 609(a)(1). If the elements of the crime required "proof or admission of an act of dishonesty or false statement by the witness," evidence of the conviction is admissible regardless of the punishment. Fed. R. Evid. 609(a)(2).[1] Federal Rule of Evidence 609(b) bars the use of a conviction more than ten years old to attack a witness's credibility unless "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). The ten-year limitation is measured from the later of the date of conviction or the date of release. *Id.* Any inadmissible convictions of Plaintiff, should they exist, should be excluded by this Court for the above reasons.

I. **This Court Should Exclude All Evidence and Argument Related to Whether Plaintiff's Compensation was Subjectively "Fair."**

Plaintiff anticipates that Defendant may attempt to argue or introduce evidence of the "fairness" of Plaintiff's compensation, or otherwise attempt to focus the jury's attention

---

[1]      The Conference Report on the Federal Rules explains that the terms "dishonesty or false statement" in Rule 609(a)(2) are descriptive of convictions "peculiarly probative of credibility," such as those for "perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi the commission of which involves some element of dec[e]it, untruthfulness, or falsification bearing on [a witness's] propensity to testify truthfully." H.R. Rep. No. 93-1597, at 9 (1974) (Conf. Rep.), reprinted in 1974 U.S.C.C.A.N. 7098, 7103.

Page 8 of 10
April Kiser v. J and R Transportation, Inc.
U.S.D.C. (E.D. Mich.) No. 4:22-cv-12185-FKB-APP
Plaintiff's Motion in Limine
and Incorporated Brief in Support

on the amount of compensation received by Plaintiff rather than the calculation and classification of such compensation. Because there is no material dispute as to the amount of Plaintiff's compensation, such evidence could only serve to improperly direct the jury's focus to whether the compensation was "enough" as opposed to whether it was lawful. Any attempt to describe Plaintiff's compensation as "fair" or to compare it to past compensation rates, compensation rates at other places of employment, or market rates, is far more prejudicial than it is probative, and thus should be excluded by this Court. Such lines of argument, evidence, and testimony undermine the determinations relating to willfulness that remain at issue and would constitute just the type of impermissible red herring that the Federal Rules of Evidence seek to disallow.

### J. This Court Should Exclude and Disallow Evidence or Comments Regarding Plaintiff's Counsel.

Comments regarding other lawsuits filed by Plaintiff's counsel, other clients represented by Plaintiff's counsel, or the personal or political activities of counsel for either Party are not probative of any issue to be decided by the jury. Therefore, arguments and evidence related to Plaintiff's counsel are categorically irrelevant and should be disallowed, as should any news articles, reports and/or social media postings about Plaintiff's counsel. The Court should not allow evidence or comment about Sanford Law Firm, its attorneys, its other cases, decisions by this Court in Sanford Law Firm cases, or any other extraneous information not directly related to the instant case. Any postings or activity by Plaintiff's counsel on social media, whether or not related to this case, are wholly irrelevant and should not be allowed to be mentioned in the presence of the jury.

### III. CONCLUSION

**Page 9 of 10**
**April Kiser v. J and R Transportation, Inc.**
**U.S.D.C. (E.D. Mich.) No. 4:22-cv-12185-FKB-APP**
**Plaintiff's Motion in Limine**
**and Incorporated Brief in Support**

Plaintiff's Motion in Limine is intended to prevent jury confusion and ensure an efficient trial by keeping both Parties focused on the questions to be decided by the jury: namely the extremely limited issues of the number of hours worked and the damages owed to Plaintiff. For these reasons and for the reasons stated above, Plaintiff's Motion in Limine should be granted in its entirety.

Respectfully submitted,

**PLAINTIFF APRIL KISER**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing pleading was filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Philip D. Goldsmith, Esq.
LENNARD GRAHAM & GOLDSMITH, PLC
222 Washington Street
Monroe, Michigan 48161
Telephone: (734) 242-9500
pgoldsmith@lggpplc.com

*/s/ Josh Sanford*
**Josh Sanford**

**Page 10 of 10**
**April Kiser v. J and R Transportation, Inc.**
**U.S.D.C. (E.D. Mich.) No. 4:22-cv-12185-FKB-APP**
**Plaintiff's Motion in Limine**
**and Incorporated Brief in Support**