IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL KISER,

    Plaintiff,

v.

J AND R TRANSPORTATION, INC.,

    Defendant.

CASE NO. 2:22-cv-12185

JUDGE F. KAY BEHM

J AND R TRANSPORATION'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE

\*    \*    \*    \*    \*

## I. INTRODUCTION

Plaintiff filed her Complaint in this matter claiming that she has not been fully paid for services allegedly provided during a period of employment. Plaintiff asserts claims under the Fair Labor Standards Act (FLSA) and Michigan's Workforce Opportunity Wage Act (WOWA). Plaintiff originally named Job1America as the Defendant in this matter. J and R Transportation, Inc. was thereafter substituted as the proper party Defendant.

J and R Transportation filed an Answer denying all alleged violations. Plaintiff was properly paid for all work that was reported.

Plaintiff recently filed a Motion in Limine seeking to preclude J and R Transportation from presenting evidence or otherwise commenting on the following:

    A.    Suggestions or allegations that Plaintiff had a duty to record the hours she worked;

1

  B. Suggestions or allegations that Plaintiff had a duty to complain about her pay;

  C. Evidence of events that occurred outside the relevant statutory period;

  D. Evidence related to Plaintiff's attorneys' fees and costs;

  E. Evidence regarding offers of settlement or settlement negotiations;

  F. Evidence that Plaintiff's work performance was poor or unsatisfactory, except as it relates to Plaintiff's hours of work;

  G. References to or suggestions that Plaintiff did not call particular witnesses;

  H. Evidence of Plaintiff's criminal record, if any;

  I. Evidence related to the fairness or subjective adequacy of Plaintiff's pay; and

  J. Any details about the attorneys, whether related to this case or not, including news articles and/or reports, social media postings, and other lawsuits filed by counsel for Plaintiff.

After securing a brief extension to respond, J and R herewith submits its memorandum in opposition to Plaintiff's Motion in Limine. For the reasons set forth herein, J and R Transportation maintains that Plaintiff's Motion should be denied.

## II. LAW AND ARGUMENT

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983). A limine motion is used "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "[A] preliminary ruling allows the parties to consider the court's ruling in formulating their trial strategy." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

"A court should exclude evidence on a motion in limine *only* when that evidence is determined to be clearly inadmissible on all potential grounds. When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context." *Blakemore v.*

*Morrison*, No. 20-10248, 2022 WL 1447689, at 1 (E.D. Mich. Apr. 6, 2022) (emphasis added). The court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'" *Lockard v. Bray*, No. 18-CV-13045, 2022 WL 1504809 (E.D. Mich. May 12, 2022).

"A motion *in limine* is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013), quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). When filed before trial commences, motions *in limine* serve the following purposes:

> [To] (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*Gonzalez Prod. Sys., Inc. v. Martinrea International Inc.*, No. 13-CV-11544, 2015 WL 4934628, at 2 (E.D. Mich. Aug. 18, 2015), citing *Figgins v. Advance Am. Cash Advance Centers of Michigan, Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007).

A district court's ruling on a motion in limine is "a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States* v. *Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd,* 469 U.S. 38 (1984)). District courts have "broad discretion" over matters involving the admissibility of evidence at trial. *United States v. Chambers*, 441 F.3d 438, 455 (6th Cir. 2006) (quotations and citation omitted). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4.

As a first step, when analyzing admissibility, a court must consider whether the evidence is relevant. Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Sixth Circuit emphasizes that the threshold for determining the relevancy of evidence is low. *See United States v. Lang*, 717 F. App'x 523, 530 (6th Cir. 2017) (stating that "evidence is relevant if it 'advance[s] the ball' one inch") (quoting *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009) (describing the relevance standard as "extremely liberal")). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington,* 455 F.3d 736, 738-39 (6th Cir. 2006) (citation omitted).

Irrelevant evidence, on the other hand, is not admissible under Fed. R. Evid. 402. Further, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Robinson v. Runyon*, 149 F.3d 507, 514–15 (6th Cir. 1998)   [Evidence is inadmissible "if there is a danger of *unfair* prejudice, not mere prejudice." (emphasis in original). "District courts enjoy 'broad discretion' in making the prejudice determination." *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) (quoting *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)].

## A.   PLAINTIFF HAD A DUTY UNDER HER TERMS OF EMPLOYMENT TO KEEP RECORDS OF HER WORK HOURS

Plaintiff first argues that Defendant should be prohibited from asking Plaintiff questions or presenting evidence about any responsibility Plaintiff may have had to record, log, or otherwise maintain the actual hours she claimed to have worked. Similarly, Plaintiff states that Defendant should be precluded from making comments regarding any record of hours Plaintiff claimed to have actually worked.

4

J and R acknowledges that the FSLA requires an employer to keep certain records for non-exempt workers. The basic information includes, without limitation, demographic information and a record or hours worked each day, each week, any overtime hours, additions and deductions from an employee's wages and total wages paid each pay period. J and R maintained records required under the FSLA.

Plaintiff's claim is for alleged unpaid overtime. Plaintiff must show (1) that she worked unpaid overtime, and (2) that J and R knew or should have known of the overtime work. *Allen v. Board of Public Education for Bibb County*, 495 F.3d 1306, 1314-15 (11th Cir. 2007). The FLSA is not a strict liability statute, so an employee must also prove that his employer had the requisite knowledge of unpaid work. *Craig v. Bridges Brothers Trucking LLC*, 823 F.3d 382, 388 (6th Cir. 2016). An employer can also avoid a claim for unpaid overtime by showing that "the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1308 (11th Cir. 2013).

Plaintiff signed a number of forms when she became employed with J and R. Transportation. Plaintiff agreed, as part of her employment, to adhere to requirements found in J and R's employee handbook. The handbook includes a section addressing "Timekeeping/Payroll" (Section IV).

> **230: TIMEKEEPING**
> Accurately recording time worked is the responsibility of every employee. Federal and state laws require Job1America/JandR Transportation to keep an accurate record of time worked in order to calculate employee pay and benefits while performing assigned duties.
>
> Time worked is all the time actually spent on the job. Nonexempt employees should accurately record the time they begin and end their work, as well as the beginning and ending time of each meal period. They should also record the beginning and ending time of any split shift or departure from work for personal reasons. **OVERTIME WORK MUST BE APPROVED BEFORE IT IS PERFORMED.** Failure to obtain prior approval two times or more may result in disciplinary action, up to and including termination.
>
> \*    \*    \*    \*
>
> It is the employee's responsibility to sign their time records to certify the accuracy of all time recorded. The supervisor will review and then sign the time record before submitting it for payroll

5

processing. In addition, if corrections or modifications are made to the time record, both the employee and the supervisor must verify the accuracy of the changes by initialing the time record.

*   *   *   *

**<u>240: ADMINISTRATIVE PAY CORRECTIONS</u>**
Job1America/JandR Transportation takes all reasonable steps to ensure that employees receive the correct amount of pay in each paycheck and that employees are paid promptly on the scheduled payday.

In the unlikely event that there is an error in the amount of pay, the employee should promptly bring the discrepancy to the attention of the Manager of Operations so that corrections can be made as quickly as possible.

Section IV of the J and R Handbook ask employees to keep accurate records of claimed working hours. The duties and obligations are set forth in the employee handbook were given to Plaintiff. Plaintiff signed an acknowledgement confirming her duty to keep her hours. The responsibilities imposed under the J and R Handbook required Plaintiff to accurately record hours of employment and to maintain the records. Plaintiff was also required to bring any pay issues to the attention of J and R.

> Under the FLSA, if an employer establishes a reasonable process for an employee to report uncompensated work time the employer is not liable for non-payment if the employee fails to follow the established process. *See Hertz*, 566 F.3d at 781-82; *Newton*, 47 F.3d at 749-50; *Forrester*, 646 F.2d at 414-15. When the employee fails to follow reasonable time reporting procedures she prevents the employer from knowing its obligation to compensate the employee and thwarts the employer's ability to comply with the FLSA. *See Hertz*, 566 F.3d at 781-82; *Newton*, 47 F.3d at 749-50; *Forrester*, 646 F.2d at 414-15. *See also Raczkowski*, 8 F.3d 29 (table), 1993 WL 385483, at *1; *Wood*, 192 F. App'x at 381

*White v Baptist Memorial Health Care Corporation*, 699 F.3d 869 (6th Cir., 2012), 876.

In light of the foregoing, questions, comments and/or evidence regarding Plaintiff's duties to maintain accurate records are entirely appropriate. Evidence, questions and/or comments regarding Plaintiff's duty to maintain accurate records of her claimed hours of work is admissible evidence. Such questions, evidence and/or comments are also relevant and probative evidence. The probative value is not outweighed by any alleged danger of unfair prejudice. Evidence, comments, argument, questions and/or comments on these issues is mandated. Plaintiff's Motion in Limine on this topic should be denied.

### B. PLAINTIFF HAD AN OBLIGATION TO NOTIFY HER EMPLOYER OF ANY CLAIMED ERROR IN HER WAGES.

Plaintiff argues that any evidence or questions on whether she complained about her wages should be excluded.   Plaintiff claims that the evidence is not relevant because of the FSLA requirement that Defendant maintain records.

There is no FSLA provision that would render employment records inadmissible if an employer failed to comply with recordkeeping provisions.   However, as stated previously, J and R maintained records as required by the Department of Labor.

As referenced in Part A herein, J and R's Employee Handbook asked every employee to accurately record time worked.   The Handbook also advised all employees to seek overtime approval before any overtime work was performed.

In light of *White v Baptist Memorial Health Care Corporation, supra*, the evidence that Plaintiff seeks to exclude is admissible, probative, and relevant.   The evidence is not subject to exclusion under Evidence Rule 403.   There is no danger of unfair prejudice to Plaintiff.   There is certainly prejudice to J and R if it is not permitted to present evidence in defense of Plaintiff's claims.   The probative value is not outweighed by the danger of unfair prejudice.   Plaintiff's Motion in Limine on this issue should be denied.

### C. PROTRACTED DISCUSSIONS AND EVIDENCE OF EVENTS OCCURRING OUTSIDE THE STATUTORY PERIOD

Plaintiff wishes to exclude any evidence regarding her current employment, her employment history or other matters outside the statutory period.   Plaintiff provides no specific basis supporting her position on these issues.   Similarly, there is no specificity on the evidence that Plaintiff seeks to exclude.

The Court controls the flow of trial and the admissibility of relevant evidence.   Plaintiff's request is premature, in addition to being incomplete.

J and R has the right to defend the allegations in this matter. The defense may include background information, even if the information may be outside the statutory time period. During trial, the Court will be in a position to determine the relevance of any "background" information that may be offered. Evidence of this nature may be relevant to assist the jury in determining credibility. Since the request is premature, issues associated with the topics referenced herein are more appropriately determined by the Court during the trial. Plaintiff's Motion on these topics should be denied.

**D.     REFERENCES TO ATTORNEY FEES AND COSTS**

J and R agrees that the issue of fees and costs is a post-trial matter that is only considered if the Plaintiff prevails. Further, the law places the duty on the Court to not only consider if an award of fees and costs to the prevailing party is proper, but, if so, the amount that is to be awarded.

The Court controls the flow of the trial, the admissibility of evidence and the arguments of counsel. J and R does not anticipate that any evidence of attorney fees and costs will be offered in matters that will be determined by the jury. In the event there is any reference, Plaintiff has the ability to object to preserve the record. A curative instruction can also be given in the event same becomes necessary. At this point, Plaintiff's motion on this topic seems superfluous and, perhaps, premature.

**E.     REFERENCES TO SETTLEMENT DISCUSSIONS**

J and R generally agrees that settlement discussion are subject to Evidence Rule 408. An offer of judgment under Fed. Civ. P. 68 has not been made at present. If an offer of judgment is made, the Court is able to determine if and how the elements of such an offer should be applied.

Settlement discussions may also be relevant on Plaintiff's claims for liquidated damages and J and R's good faith defense to Plaintiff's claims. Since liquidated damages are an issue for the Court and not the jury, J and R does not anticipate presenting any evidence regarding settlement discussions in the matters to be considered by the jury. J and R agrees that, in general, settlement discussions are subject to

Evidence Rule 608. The Court controls the flow of the trial, the admissibility of evidence and the arguments of counsel. Plaintiff's motion on this topic again seems superfluous and, perhaps, premature.

**F.    PLAINTIFFS' WORK PERFORMANCE IS ADMISSIBLE AND PROBATIVE**

Plaintiff suggests that evidence regarding her employment performance is not relevant and it should be excluded. Even if relevant, Plaintiff argues that the evidence is prejudicial and is subject to exclusion under Evidence Rule 403. There is no merit to Plaintiff's argument.

J and R asserts that evidence associated with Plaintiff's job performance is highly relevant and probative. If an employer has a reasonable process in place for an employee to report uncompensated work time and the employee fails to follow the process, the employer is not liable for non-payment. *White v Baptist Memorial Health Care Corporation, supra*, at p. 876.

Plaintiff argues that negative testimony regarding Plaintiff and her job performance "will only serve to unavoidably cause the jury to dislike Plaintiff and will not lead to a fair result." J and R has the right to defend the allegations presented by Plaintiff. Part of that process may include the ability to impeach the Plaintiff. Additionally, consistent with the 6th Circuit decision in *White*, such evidence is probative and permitted under applicable law. Plaintiff's Motion in Limine should be denied.

**G.    ARGUMENT ASSOCIATED WITH FAILING TO CALL CERTAIN WITNESSES**

Plaintiff asks that the Court prohibit J and R from arguing or commenting on her failure to call witnesses. There is no case precedent for such a prohibition.

As referenced previously, the Court controls the flow of the trial, the admissibility of evidence and the arguments of counsel. Objections can be made in order to preserve the record. Impeachment and/or argument regarding elements of Plaintiff's case, and whether matters were or were not presented by Plaintiff, are proper and, in fact, necessary in order to ensure a fair trial for both Plaintiff and Defendant.

The Court retains the power to rule on matters during trial. There is no case precedent that supports any argument that the Court should preemptively limit Defendant in its defense of the Plaintiff's claims. Plaintiff's Motion in Limine should be denied.

**H.     EVIDENCE OF PLAINTIFF'S CRIMINAL HISTORY**

Plaintiff seeks to preclude any evidence of Plaintiff's criminal history. Plaintiff's request references Evidence Rule 609, but then argues that inadmissible criminal history should be excluded.

J and R intends to follow the Federal Rules of Civil Procedure, the Federal Rules of Evidence and the rules established by this Court. Rule 609 provides the Court and counsel with the map to admissible evidence associated with any criminal history. If such evidence exists, J and R will comply with all applicable rules of procedure, of evidence and of the Court. The Court will determine admissibility as is its province.

Until such time as Plaintiff identifies specific evidence that it believes is subject to Evidence Rule 609, Plaintiff's motion is premature. Plaintiff's Motion in Limine should be denied.

**I.     ARGUMENTS ASSOCIATED WITH PLAINTIFF'S COMPENSATION**

Plaintiff seeks to preclude any argument of "fairness" as it relates to her compensation. The request is curious at best given the purpose of the Fair Labor Standards Act. The FLSA guarantees employees certain rights, like fair compensation, overtime pay, and minimum-wage. *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015).

Plaintiff has the burden to establish the elements of her case. The terms of employment, including her compensation, is one of the elements that Plaintiff must establish. J and R does not anticipate a "fairness" argument will be presented. However, until Plaintiff is put to her proofs, J and R has the right to present evidence, argument and comments that refute all aspect of Plaintiff's case.

The Court retains the power to rule on matters during trial. There is no case precedent that supports any argument that the Court should preemptively limit Defendant in its defense of the Plaintiff's claims. Plaintiff's Motion in Limine should be denied.

### J.     ARGUMENTS OR COMMENTS REGARDING PLAINTIFF'S COUNSEL

Plaintiff is apparently concerned that her lawyers will be put on trial in this case as they seek to preclude comments about other lawsuits, other clients or personal or political views that Plaintiff's lawyers may possess. Short of advocating the overthrow of the judicial system, J and R has no reason to believe that the personality of Plaintiff's lawyers or their views or opinions on matters that have nothing to do with the issues in this case will be relevant in this case.

The Court controls the flow of the trial, the admissibility of evidence, the presentation of evidence and the arguments of counsel. The specific concerns raised by Plaintiff in this aspect of the Motion are certainly within the Court's province, even if personality traits of counsel should, for some reason, become relevant.

WHEREFORE, Defendant J and R Transportation, Inc. respectfully requests an Order from the Court denying Plaintiff's Motion in Limine.

Respectfully submitted,

Dated: <u>February 5, 2024</u>                            /s/ Philip D. Goldsmith
                                                          Philip D. Goldsmith (P37650)
                                                          Attorney for Defendant

### PROOF OF SERVICE

The undersigned certifies that he caused a copy of Defendant's Memorandum in Opposition to Plaintiff's Moton in Limine has been served upon Josh Sanford, Esq., Sanford Law Firm, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211 by sending same by e-mail ONLY to josh@sanfordlawfirm.com, on February 5, 2024.

/s/ Philip D. Goldsmith
Philip D. Goldsmith, Esq. (P-37650)
Attorney for Defendant

11